**Benon John TRAWINSKI, Irene Monahan Trawinski, Plaintiffs–Appellants,**

v.

**UNITED TECHNOLOGIES, Carrier Corporation, et al., Defendants–Appellees.**

No. 02–13276
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 3, 2002.

Benon John Trawinski, Irene Monahan Trawinski, Birmingham, AL, pro se.

Robert H. Sprain, Jr., Sadler, Sullivan, Herring & Sharp, P.C., Birmingham, AL, for Carrier Corp.

Leslie A. Caldwell, Lusk & McAlister, P.C., Birmingham, AL, for Weathertech Distributing Co., Inc.

Jeffrey Edwin Friedman, Robert Gerald Boliek, Jr., Christopher John Zulanas, Friedman, Leak & Bloom, P.C., Birmingham, AL, for Standard Heating & Air Conditioning Co.

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Benon and Irene Trawinski appeal the district court's order dismissing their *pro se* complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). They argue that the district court improperly found (1) that their Energy and Policy Conservation Act (EPCA), 42 U.S.C. § 6292 *et seq.*, and 42 U.S.C. § 1985(3) claims were barred by the applicable statutes of limitations and (2) that the court lacked subject matter jurisdiction over the § 1985(3) claim. For the following reasons, we AFFIRM.

## I. BACKGROUND

A new heating and air conditioning unit, manufactured by appellee Carrier Corporation ("Carrier"), distributed by appellee Weathertech Distributing Company, Inc. ("Weathertech"), and sold by appellee Standard Heating & Air Conditioning, Inc. ("Standard"), was installed in the home of the Trawinskis in 1993. The Trawinskis complain that this new system was defective in its operation, producing noisy and ineffective cooling in the summer and improper heating in the winter, all causing various damages both to the structure of the Trawinskis' home and to the health of the Trawinskis themselves. In this lawsuit, the Trawinskis allege that the performance deficiencies of the heating and air conditioning system violate the efficiency standards required by the EPCA and that the manufacturer, distributor, and retailer of the system conspired to violate the Trawinskis' civil rights in violation of 42 U.S.C. § 1985(3) through their misrepresentations concerning the quality of the system.

## II. DISCUSSION

### A. *Standard of Review*

"This court reviews *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6). The plaintiff's factual allegations are accepted as true." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1187–88 (11th Cir.2002) (internal citations omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam).

### B. *Statutes of Limitations*

▮ Neither the EPCA nor § 1985(3) provides its own statute of limitations. When there is no specifically stated or otherwise relevant federal statute of limitations for a federal cause of action, the controlling period would ordinarily be the most appropriate one provided by state law. *See Reed v. United Transp. Union,* 488 U.S. 319, 323–24, 109 S.Ct. 621, 625, 102 L.Ed.2d 665 (1989). However, when there is a closer federal statute-of-limitations analogue, there is no need to resort to state law, which might unintentionally have the effect of interfering with the underlying federal policies involved in the federal action. *See DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 171–72, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983); *Occidental Life Ins. Co. of Cal. v. EEOC,* 432 U.S. 355, 367, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977).

▮ Admittedly, there is no specifically stated limitations period in the text of the EPCA. However, as the district court found, there is a *relevant,* though inexplicit, federal statute of limitations applicable to this claim; therefore, resort to a state statute is not necessary. The district court found that the five-year statute of limitations contained in 28 U.S.C. § 2462[1] should be applied to the Trawinskis' EPCA claim, following *Public Interest Research Group of New Jersey, Inc. v. Powell Duffryn Terminals, Inc.,* 913 F.2d 64, 74 (3d Cir.1990). Section 2462 by its text is generally applicable to "proceeding[s] for the enforcement of any civil fine," and the Trawinskis' citizen suit under the EPCA is precisely this sort of action.

▮ Having found § 2462 applicable, the district court proceeded to find that the Trawinskis' EPCA claim accrued in June 1993, with the installation of the heating and air conditioning system, and that the cause of action was time-barred far in advance of the filing of the Trawinskis' complaint in November 2001. The Trawinskis argue that their cause of action did not accrue upon the occurrence of the EPCA violation at installation, but rather accrued upon their discovery of the violation, which occurred some time later. This discovery rule, which might be applicable to statutes of limitations in state tort actions, has no place in a proceeding to enforce a civil penalty under a federal statute. The statute of limitations begins with the violation itself—it is upon violation, and not upon discovery of harm, that the claim is complete and the clock is ticking. *See 3M Co. v. Browner,* 17 F.3d 1453, 1462–63 (D.C.Cir.1994) (holding that a violation of the Toxic Substances Control Act accrues for statute-of-limitations purposes at the time of violation, rather than upon discovery of the violation). While the Trawinskis' *remedial* claims, including state tort law claims, may well be subject to the discovery rule for statute-of-limitations purposes, their actions in this forum to enforce civil penalties are not.

▮ Turning to the Trawinskis' § 1983(5) claim, the district court, following precedent, correctly found that the residual, two-year limitations period for personal injury actions provided by Ala. Code § 6–2–38(*l*) should apply. *See Dumas v. Town of Mt. Vernon, Ala.,* 612 F.2d 974, 977 (5th Cir.1980); *Ingram v. Steven*

---

1. That statute provides:

   Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

*Robert Corp.*, 547 F.2d 1260, 1262–63 (5th Cir.1977).[2] The facts and circumstances giving rise to the § 1985(3) claim were within the knowledge of the Trawinskis for more than two years before the filing of this action, and, accordingly, the district court correctly dismissed this claim as being time-barred.

## C. Subject-matter jurisdiction

■ The district court gave lack of subject-matter jurisdiction as an alternate reason for its dismissal of the Trawinskis' § 1985(3) claim. Although the district court couched its decision in terms of subject-matter jurisdiction, its actual decision reveals that what it was truly concerned about was the ability of the Trawinskis to state a claim under § 1985(3), not its inherent power to decide the case. The district court found that under the allegations of the complaint, no viable § 1985(3) cause of action existed, and we agree.

■ "The elements of a cause of action under § 1985(3) are: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Childree v. UAP/GA AG CHEM, Inc.*, 92 F.3d 1140, 1146–47 (11th Cir.1996).

■ The purpose of § 1985 was to stifle the serious class-based deprivation of constitutional rights by private parties, not to serve as a general federal tort law, and, as such, a claim under § 1985(3) requires the proof of invidious discriminatory intent as well as the violation of a serious constitutional right protected not just from official, but also from private encroachment. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68, 274, 113 S.Ct. 753, 758, 762, 122 L.Ed.2d 34 (1993); *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). The list of rights protected from both official and private encroachment is short, see *Bray*, 506 U.S. at 278, 113 S.Ct. at 764, and none of the affected rights asserted by the Trawinskis rise to this level. There is no constitutional right, protected against private encroachment, to a energy-efficient air conditioning unit or to business relationships free from misrepresentations. Thus, the district court also did not err in dismissing appellants' § 1985(3) claim for failure to state a claim.

## III. CONCLUSION

Upon review of the record, the district court's opinion and the parties' briefs, we find no reversible error. The district court correctly dismissed appellants' claims for being time-barred under the applicable statutes of limitations and correctly dismissed appellants' § 1985(3) claim for failure to state a claim on which relief could be granted.

AFFIRMED.

■

---

**2.** In the case of *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. The *Dumas* and *Ingram* decisions, overruled in part on other grounds, are cited with approval for the proposition in the text by this court in *Hester v. Int'l Union of Operating Eng'rs*, 878 F.2d 1309, 1310 (11th Cir.1989). Those decisions dealt with an earlier version of Alabama's current residual statute of limitations for personal injury actions, but the analogy persists.