[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12212
Non-Argument Calendar

_____

D. C. Docket No. 04-00611-CV-ORL-22-DAB

STEVEN EARL BEAVER,

Petitioner-Appellant,

versus

CHARLES B. WELCH, Warden,
Hardee Correctional Institution,
SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 9, 2006)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Stephen Earl Beaver, a Florida prisoner, appeals <u>pro</u> <u>se</u> the denial of his

habeas corpus petition, § 28 U.S.C. 2254. He argues that the district court erred in only considering the claims raised in his "petition for amended habeas corpus," and failing to consider and adjudicate the claims raised in his previously filed § 2254 petition because he did not understand the legal distinction between an amended filing and a supplemental filing, and his pro se pleading must be held to a less stringent standard than those filed by a lawyer.

When reviewing the district court's denial of a habeas petition, we review questions of law de novo. LeCroy v. Sec'y, Florida Dept. of Corr., 421 F.3d 1237, 1259 (11th Cir. 2005). This court has held that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Trawinski v. United Technologies, 313 F.3d 1295, 1297 (11th Cir. 2002).

A review of Beaver's filings in the district court shows that he was attempting to supplement his original § 2254 petition when he filed his "petition for amended habeas corpus," and not to abandon his previously raised claims. The district court erred in failing to liberally construe Beaver's motion as a motion to supplement his petition and to consider same.

**VACATED AND REMANDED**