[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11692
Non-Argument Calendar

_____

D. C. Docket No. 05-14297-CV-DLG

WARREN LAVELL JACKSON,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James McDonough,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 20, 2006)

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Warren Lavell Jackson ("Jackson"), a federal prisoner proceeding *pro se*, appeals the district court's denial of his *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus concerning his prior 1992 state conviction for cocaine possession which the district court construed as a motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255.  Jackson concedes that his prior state conviction and sentence had expired, but argues that he could still attack this conviction because it was used to enhance the federal sentence he is currently serving and because the prior expired conviction was allegedly obtained in violation of his Sixth Amendment right to counsel.  He bases his Sixth Amendment argument on the state trial court and his counsel's alleged failure to inform him of his right to appointed counsel on appeal.

In a proceeding on a collateral attack, we review the district court's factual findings for clear error and legal issues *de novo*.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (§ 2255 context); *LeCroy v. Sec'y, Florida Dept. of Corr.*,  421 F.3d 1237, 1259 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1458 (2006) (§ 2254 context).  We have held that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Trawinski v. United Techs.*,  313 F.3d 1295, 1297 (11th Cir. 2002) (citation omitted).

District courts have jurisdiction to entertain § 2254 habeas petitions only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). When a prisoner's sentence has fully expired, he is not "in custody" as required by § 2241, and the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crimes is not enough to render him "in custody." *Maleng v. Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 1926, 104 L. Ed. 2d 540 (1989). The Supreme Court has acknowledged, however, that when a § 2254 petition could be read as asserting a challenge to a present sentence that actually was enhanced by the allegedly invalid prior conviction, the prisoner is "in custody" for purposes of federal habeas jurisdiction. *Id.* at 493-94, 109 S. Ct. at 1926-27; *see also Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 402, 121 S. Ct. 1567, 1573, 149 L. Ed. 2d 608 (2001) (petitioner found to be "in custody" for § 2254 purposes because he challenged an allegedly invalid expired conviction and sentence as enhancing his current sentence).

Even though a prisoner may be "in custody" under these circumstances, the fact that a prior conviction was used to enhance a present sentence does not entitle the prisoner to challenge the prior conviction. In *Daniels v. United States*,

532 U.S. 374, 382, 121 S. Ct. 1578, 1583, 149 L. Ed. 2d 590 (2001), the Supreme Court held that if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)," a movant's § 2255 motion challenging the prior conviction will fail because the presumption of validity that attached to the prior conviction at the time of sentencing is conclusive. The Court held that a defendant generally is not entitled to collaterally attack his prior conviction through a motion under § 2255 unless he alleges that the conviction was obtained in violation of the right to counsel announced in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). *Daniels*, 532 U.S. at 382, 121 S. Ct. at 1583.

In *Lackawanna*, the Court extended the holding in *Daniels* to petitioners challenging expired state sentences under § 2254. *Lackawanna*, 532 U.S. at 396-97, 121 S. Ct. at 1570. *Lackawanna* also provided an exception for attacking a prior expired state sentence when such prior conviction had been obtained without the benefit of counsel in violation of *Gideon*. *Id.* at 404, 121 S. Ct. at 1574. However, as with any § 2254 petition, a petitioner seeking relief under this exception must satisfy the procedural prerequisites for relief. *Id.*

In *Gideon*, the Supreme Court held that a state court's refusal to appoint trial

4

counsel, upon request, for an indigent defendant accused of a non-capital felony violated due process. *Gideon*, 372 U.S. at 343-45, 83 S. Ct. at 796-97. The right to counsel at trial flows from the explicit grant of this right in the Sixth Amendment made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Id.* at 339, 83 S. Ct. at 794. There is no constitutional right to appeal. *Ross v. Moffitt*, 417 U.S. 600, 611, 94 S. Ct. 2437, 2444, 41 L. Ed. 2d 341 (1974). However, if an appeal right is granted by statute, an indigent defendant also has a right to appointed counsel in his first appeal as of right. *Douglas v. California*, 372 U.S. 353, 357-58, 83 S. Ct. 814, 817, 9 L. Ed. 2d 811 (1963) (holding that denial of indigent appellants' appeal without the benefit of counsel violated the Equal Protection Clause of the Fourteenth Amendment).

We have noted that the *Daniels/Lackawanna* exception is not implicated where a defendant was represented by counsel during the proceedings related to his prior conviction underlying the expired sentence. *See Hubbard v. Haley*, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003) (capital context where petitioner attempted to expand his § 2254 petition to attack an expired conviction serving as the basis for aggravated factor in sentencing order).

As an initial matter, we conclude from the record that Jackson met the "in custody" requirement. Here, Jackson brought the present § 2254 petition attacking

a 1992 state conviction for cocaine possession and conceded that the sentence on this conviction had expired. However, he explicitly alleged that this conviction was used to enhance the federal life sentence he was currently serving. Thus, under *Maleng*, Jackson met § 2254's "in custody" requirement. *See Maleng*, 490 U.S. at 493-94, 109 S. Ct. at 1926-27.

Nevertheless, Jackson was not entitled to attack his expired conviction under the *Gideon* exception articulated in *Daniels* and *Lackawanna*. From the record, it is clear that Jackson was represented by counsel during the trial court proceedings related to his prior expired state court conviction and sentence. *See Hubbard*, 317 F.3d at 1256 n.20. The state court also informed Jackson that he could appeal his conviction and sentence and nothing in the record indicates that he requested counsel on appeal and was refused. Furthermore, though there is a right to appointed counsel on a defendant's first appeal as of right per *Douglas*, this is not the exception articulated in *Daniels* and *Lackawanna*. Rather, *Daniels* and *Lackawanna* speak only to *Gideon*-type violations. *See Daniels*, 532 U.S. at 382, 121 S. Ct. at 1583; *Lackwanna*, 532 U.S. at 404, 121 S. Ct. at 1574.

In any event, as the magistrate judge correctly noted and to which Jackson did not object, Jackson was not entitled to attack his prior expired state conviction because his petition was untimely. 28 U.S.C. § 2244(d) (providing for a 1-year

6

statute of limitations for petitions for writ of habeas corpus); *Nettles v. Wainwright*, 677 F.2d 404, 409-10 (5th Cir. Unit B 1982) (failure to raise objections to the magistrate's report and recommendation bars a party from attacking on appeal factual findings adopted by the district court except upon grounds of plain error or manifest injustice). Jackson filed his petition more than a decade after his conviction. Thus, Jackson did not satisfy the procedural prerequisites for relief, which is a necessary component of a collateral attack even when alleging a *Gideon*-type violation. *See Lackawanna*, 532 U.S. at 404, 121 S. Ct. at 1574. Accordingly, we affirm the district court's judgment denying Jackson's § 2255 motion.

**AFFIRMED.**