[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11946
Non-Argument Calendar

_____

D. C. Docket No. 04-00211-CV-RWS-2

JOAO GODOY,

Plaintiff-Appellant,

versus

HABERSHAM COUNTY,
HABERSHAM COUNTY BOARD
OF COMMISSIONERS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 12, 2006)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Joao Godoy, a Latin-American male from Brazil, appeals the district court's grant of summary judgment to Habersham County, the Habersham County Board of Commissioners, Habersham County Fire Chief Timothy Berry, Habersham County Assistant Chief Jeff Cain, and Habersham County Lieutenants Jason Davey, Jamie Tyler, and Jason Garrett[1] on his claims of racial and national origin discrimination, hostile work environment, retaliatory termination, and a conspiracy to deprive equal protection of the law under Title VII and 42 U.S.C. §§ 1981, 1983, 1985(3). Godoy asserts the district court erred by granting the Defendants' motion for summary judgment and abused its discretion by denying his motion for reconsideration. The district court did not err or abuse its discretion, and we affirm.[2]

## I. DISCUSSION

As an initial matter, "§ 1983 contains the sole cause of action against state actors for violations of § 1981." *Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000). Thus, the district court did not err in dismissing Godoy's claims

---

[1] This opinion will refer to all seven defendants collectively as "Defendants," to the Habersham County Board of Commissioners as "County Board," and to the five named individuals (Berry, Cain, Davey, Tyler, and Garrett) collectively as "individual Defendants."

[2] We conduct a *de novo* review of a district court's order granting summary judgment, "applying the same legal standards as the district court." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*). We review a district court's denial of a motion for reconsideration for an abuse of discretion. *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000).

under § 1981. Godoy also raised his claims under Title VII and § 1983 and, as these claims have the same elements of proof and analytical framework, they will be discussed concurrently. *See Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11th Cir. 1985) (stating where a plaintiff predicates liability under Title VII on disparate treatment and also claims liability under § 1983, "the legal elements of the claims are identical").

A. *Failure to Hire*

Godoy asserts the Defendants'[3] initial failure to hire him constituted an adverse employment action even though he was hired ten days later. He maintains he suffered a monetary loss because of the delay in his start date. Godoy further contends he was not hired because the Defendants changed some of the candidates' test scores and, as the Defendants did not offer a nondiscriminatory reason for this action, he is entitled to a presumption of discrimination.

"Whether an employer intentionally discriminated against an employee or potential employee is a question of fact, which may be proved either through direct or circumstantial evidence." *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265,

---

[3] There is some disagreement among the parties over whether the County Board is a proper defendant, whether Habersham County can be liable for Fire Chief Berry's decision to terminate Godoy, and whether the individual Defendants are entitled to immunity. As the opinion concludes none of Godoy's claims survive summary judgment on their merits, we do not determine which Defendants are liable under which claims.

1272 (11th Cir. 2002). Absent direct evidence of an employer's discriminatory motive, a plaintiff may establish his case through circumstantial evidence, using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973). *Joe's Stone Crabs, Inc.*, 296 F.3d at 1272. Under this framework, the plaintiff first must establish a *prima facie* case of discrimination, which creates a rebuttable presumption of discrimination. *Id.* In an action alleging discrimination through failure-to-hire, the plaintiff establishes a *prima facie* case by showing the following:

> (1) he was a member of a protected class; (2) he applied and was qualified for a position for which the defendant was accepting applications; (3) despite his qualifications, he was not hired; and (4) after his rejection the position remained open or was filled by a person outside his protected class.

*Schoenfeld v. Babbitt*, 168 F.3d 1257, 1267 (11th Cir. 1999).

The Defendants ultimately hired Godoy for the position he sought after initially rejecting his application. Therefore, Godoy cannot establish a *prima facie* case of discrimination through failure-to-hire. Additionally, Godoy did not provide evidence the ten-day delay between the initial rejection and the subsequent offer adversely affected his employment. To the extent the evidence showed Godoy did not receive his pay for the first three days of his employment because of the delay, the Defendants subsequently compensated Godoy for the three days, and

4

Godoy did not provide evidence that the delay of three-days' pay caused him financial harm.

Moreover, the alleged action taken by the Defendants to alter hiring test scores of other candidates did not result in an adverse employment action because the Defendants ultimately hired Godoy and, as previously discussed, any resulting delay in hiring Godoy did not constitute an adverse action. Therefore, we conclude the district court did not err in granting summary judgment in favor of the Defendants on Godoy's failure-to-hire claim.

B. *Hostile Work Environment*

Godoy asserts he was submitted to a hostile work encounter almost every shift, and that this harassment caused him emotional distress. Godoy maintains he was battered by his supervisor, who told him to "[g]o back to his boat and sail to South America[] where he belongs." Godoy alleges he was subject to racial slurs "almost every shift" and received a threatening phone call.

The employee has the burden of proving a hostile work environment. *Edwards v. Wallace Cmty. College*, 49 F.3d 1517, 1521 (11th Cir. 1995). To establish a hostile work environment, a plaintiff must demonstrate: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on the protected characteristic; (4) the harassment was

sufficiently severe or pervasive to alter the terms and conditions of employment and thus create a discriminatorily abusive work environment; and (5) the employer is responsible for that environment under a theory of either direct or vicarious liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). The following four factors are important in analyzing whether harassment objectively altered an employee's terms or conditions of employment: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interfere[d] with the employee's job performance." *Id.* at 1276. The employee must present concrete evidence in the form of specific facts, not just conclusory allegations and assertions. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (disparate treatment case).

Viewing the evidence in the light most favorable to Godoy, he did not present evidence he was subjected to harassment that objectively altered the terms or conditions of his employment. Godoy presented evidence of only isolated incidents of harassment and did not present evidence the incidents amounted to the "extreme" level of discriminatory conduct required by Title VII. Additionally, he did not present evidence indicating the frequency or pervasiveness of the

6

derogatory comments he alleged were aimed at him, nor did he provide evidence

the comments unreasonably interfered with his job performance. Thus, we find no

evidence raising a genuine issue as to whether Godoy was subjected to harassment

based on his race or national origin that objectively altered the terms or conditions

of his employment. Therefore, we affirm the grant of summary judgment on this

claim.

C. *Retaliatory Termination*

Godoy asserts his termination was in retaliation for the complaint he filed

with the EEOC when the Defendants initially failed to hire him.[4] Godoy also

claims the Defendant's assertion that he was fired for insubordination is pretext for

discrimination.

Retaliation is a separate offense of Title VII, and the plaintiff need not prove

the underlying claim of discrimination for the retaliation claim to be successful.

*Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 586 (11th Cir. 2000). To establish a

*prima facie* case of retaliation under Title VII, the plaintiff must show: (1) he

---

[4] On appeal, Godoy also contends the Defendants retaliated against him by: (1) not graduating him from rookie school; (2) barring him from a normal firefighter schedule; and (3) not granting him a full set of firefighter duties. In his complaint and throughout the district court proceedings, Godoy limited his retaliation argument to his termination. Thus, to the extent Godoy is raising these as separate retaliation claims for the first time on appeal, we do not consider these arguments. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331-32 (2004) (stating this Court considers issues raised for the first time on appeal only in limited circumstances).

participated in an activity protected by Title VII; (2) he suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment action. *Id.* at 587.

As in a racial discrimination case, once a plaintiff who asserts a Title VII retaliation claim establishes his *prima facie* case, the employer then has the burden of production to establish a legitimate, nondiscriminatory reason for its actions. *Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir. 1999). If the employer satisfies its burden, thus rebutting the presumption of retaliation, the plaintiff must then demonstrate the employer's reason is a pretext for retaliatory conduct. *Id.*

Even assuming Godoy provided sufficient evidence of a *prima facie* case of retaliation, the Defendants proffered a legitimate nondiscriminatory reason for Godoy's termination–insubordination. Godoy did not present evidence that this reason was pretext. Therefore, we affirm the district court's grant of summary judgment to the Defendants on Godoy's retaliatory termination claim.

D. *Conspiracy*

Godoy contends the individual Defendants acted pursuant to a general animus against firefighter candidates that were not white Americans. To establish a cause of action under § 1985(3), the plaintiff must show the following elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001). Additionally, a § 1985(3) claim requires "proof of invidious discriminatory intent" on the part of the defendants. *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002).

As previously discussed, Godoy did not show how the Defendants' initial rejection of his candidacy for the position resulted in an injury. Additionally, Godoy made only conclusory allegations regarding the individual Defendants' discriminatory intent and provided no evidence supporting his allegations. Therefore, we find that the district court did not err in granting the Defendants' motion for summary judgment on this claim.

E. *Motion for Reconsideration*

Godoy asserts the district court abused its discretion in denying his motion for reconsideration because the district court's decision caused a manifest injustice because his admissions and testimony stating that he began work on April 26, 2004, were inadvertently and negligently entered into the record. Godoy states this factual question created a genuine issue of material fact because it could result in a reasonable fact-finder returning a verdict in his favor.

9

A district court abuses its discretion when it makes an error of law. *Quintana v. Jenne*, 414 F.3d 1306, 1309 (11th Cir. 2005). Federal Rule of Civil Procedure 60(b)(1) allows a party to move a court for relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." An individual appealing a district court's denial of relief under Rule 60(b) "must prove some justification for the relief." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). Additionally, an appellant "cannot prevail simply because the district court properly could have vacated its order. Instead, appellant must demonstrate a justification so compelling that the court was required to vacate its order." *Id.* Godoy has not met his burden of demonstrating a reason "so compelling" that the district court was "required" to vacate its order. Thus, the district court did not err in denying Godoy's motion for reconsideration.

## II. CONCLUSION

The district court did not err in granting summary judgment on Godoy's claims under Title VII and §§ 1981, 1983, and 1985(3), and did not abuse its discretion in denying Godoy's motion for reconsideration.

**AFFIRMED.**