[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14859
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-61804-RSR


TORRENCE WINDELL ALLEN,

Plaintiff-Appellant,

versus

TENNILLE GOODEN,
#9925 Florida Dept. of Motor Vehicles,
TROOPER E. L. PAIGE, JR. #0906,
Florida Highway Patrol,
FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR
VEHICLES,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 4, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Torrence Windell Allen, proceeding pro se, appeals the district court's grant of summary judgment in favor of Tennille Gooden, a Florida Department of Motor Vehicles ("DMV") employee, and the court's grant of Florida Highway Patrol Trooper E.L. Paige, Jr.'s motion to dismiss Allen's 42 U.S.C. § 1983 complaint. Allen's complaint alleged that Gooden and Paige had violated his constitutional rights when he was detained due to Gooden's false statements to Paige. Allen claimed that while at the DMV he attempted to pay Gooden, the cashier, when she let another customer go ahead of him. According to documents attached to his complaint, Allen became upset, reached over the counter, and said, "[H]ere's my money," and Gooden asked him not to reach over the counter. Allen retorted, "Just take my money, I don't fear no man, it's kill or be killed." Gooden told Paige what Allen had said, and Paige moved Allen to another part of the DMV until a police officer arrived and questioned Allen, who was then released and not charged. The district court held that both Paige and Gooden were entitled to qualified immunity.

On appeal, Allen argues that: (1) Gooden's false, contradictory statements should have rendered her ineligible for qualified immunity, since her statements to law enforcement officers established that she knew she was lying to have Allen arrested, and knew that this violated the law; and (2) the district court abused its

2

discretion in failing to enter a default judgment against Paige because Paige admitted that his motion to dismiss was untimely. After careful review, we affirm.

We review <u>de novo</u> the district court's disposition of a summary judgment motion based on qualified immunity, resolving all issues of material fact in favor of the plaintiff and then addressing the legal question of whether the defendant is entitled to qualified immunity under the plaintiff's version of the facts. <u>Case v. Eslinger</u>, 555 F.3d 1317, 1324-25 (11th Cir. 2009). We review the denial of a motion for a default judgment for abuse of discretion. <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309, 1316 (11th Cir. 2002).

First, we reject Allen's claim that the district court erred in granting summary judgment to Gooden on the basis of qualified immunity. A district court shall grant summary judgment where the evidence shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). <u>Pro se</u> pleadings are held to a less strict standard than counseled pleadings and are construed liberally as a result. <u>Trawinski v. United Techs.</u>, 313 F.3d 1295, 1297 (11th Cir. 2002). We may affirm on any ground that appears in the record, regardless of whether that ground was considered or relied upon by the district court. <u>Thomas v. Cooper Lighting, Inc.</u>, 506 F.3d 1361, 1364 (11th Cir. 2007). An argument that is not briefed is deemed abandoned on appeal. <u>Access Now, Inc. v. Sw. Airlines Co.</u>, 385 F.3d 1324, 1330 (11th Cir. 2004).

3

To state a claim under § 1983, a plaintiff must allege facts sufficient to establish that (1) the defendant deprived him of a right secured under the U.S. Constitution or federal law, and (2) such deprivation occurred under color of state law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). When asserting the affirmative defense of qualified immunity, an official first must establish that she was engaged in a discretionary function when she performed the acts at issue in the complaint. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1263-64 (11th Cir. 2004). If the official shows that she was engaged in a discretionary function, the burden shifts to the plaintiff to establish that: "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." Id. at 1264. If the plaintiff establishes both prongs, the defendant may not obtain summary judgment on qualified immunity grounds. Id.

The Fourth Amendment protects individuals from "unreasonable searches and seizures." U.S. Const. amend. IV. Seizures by law enforcement are reasonable under the Fourth Amendment if they are justified by probable cause to believe that the detainee committed a crime. Croom v. Balkwill, 645 F.3d 1240, 1246 (11th Cir. 2011). The Fifth Amendment protects, in relevant part, the right to a grand jury indictment, to be free from double jeopardy, and to be free from compelled self-incrimination. See U.S. Const. amend. V.

4

The Fourteenth Amendment provides that no state shall deprive any person of life, liberty, or property without due process of law.  U.S. Const. amend. XIV. A false imprisonment claim brought pursuant to § 1983 requires a showing of both the common-law elements of a claim of false imprisonment and a due process violation.  Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009).  The elements of common law false imprisonment are (1) an intent to confine; (2) an act resulting in confinement; and (3) the victim's awareness of confinement.  Id.  "The Fourteenth Amendment Due Process Clause includes the right to be free from continued detention after it was or should have been known that the detainee was entitled to release."  Id. (quotation omitted).

Liberally construed, Allen's argument asserts that he was falsely imprisoned, in violation of the Fourteenth Amendment, and that he was illegally detained, in violation of the Fourth Amendment.  However, he does not raise any issue relating to criminal charges or compelled self-incrimination on appeal, and has therefore abandoned his Fifth Amendment claim.

As for Allen's Fourth Amendment claim against Gooden, she did not detain Allen, but instead she merely explained the incident to an officer and indicated that she wished to press charges.  Accordingly, Gooden did not violate Allen's Fourth Amendment rights because she did not "seize" Allen.  As for Allen's Fourteenth Amendment claim, even assuming that he established a claim of false

5

imprisonment, he points to no evidence to show, and he does not allege, that his detention continued after it was known or should have been known that he was entitled to be released.  As a result, Gooden did not violate Allen's Fourth or Fourteenth Amendment rights, and the district court did not err in finding that she was entitled to qualified immunity on both claims.

We also find no merit in Allen's argument that the district court abused its discretion in failing to enter a default judgment against Paige.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed.R.Civ.P. 55(a).  "Entry of judgment by default is a drastic remedy which should be used only in extreme situations."  Mitchell, 294 F.3d at 1316-17 (quotation omitted).  Generally, a party must serve an answer to a complaint within 21 days of being served with the summons and complaint. Fed.R.Civ.P. 12(a)(1)(A)(i).  A motion to dismiss for failure to state a claim generally must be made with or before an answer.  See Fed.R.Civ.P. 12(b).  A passing reference to an issue in one's appellate brief is insufficient to preserve that issue on appeal.  Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that a reference to an issue in a party's "statement of the case" was insufficient to preserve it for appellate review, where the party elaborated no arguments on the merits of the issue).

6

In this case, the district court clerk denied Allen's first motion for default judgment against Paige, indicating that there was no proof of service in the record. Paige was served with the complaint on February 22, and Paige moved to dismiss on March 19, and, thus, the motion to dismiss was untimely. However, by the time Allen filed his second motion for a default judgment, Paige had defended the action, since he had filed his motion to dismiss. Thus, this was not an "extreme situation" warranting the drastic remedy of a default judgment, and the court did not abuse its discretion in denying Allen's motion for a default judgment against Paige. See Mitchell, 294 F.3d at 1317 (holding that the district court did not abuse its discretion in denying the plaintiff's motion for a default judgment where the defendant filed a motion to dismiss "a short time after the deadline for responsive pleadings" had passed, and the plaintiff had not shown that the defendant's failure to file an answer prejudiced him in any way).

Finally, to the extent that Allen's appellate brief may be read as challenging the dismissal of his claims against Paige on the merits, Allen has abandoned any argument like this because, even read liberally, his passing reference to that issue is insufficient to preserve if on appeal. Accordingly, Allen has not established that the court erred in denying his motion for a default judgment or in granting Paige's motion to dismiss, and we affirm.

**AFFIRMED.**

7