[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15918
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00350-M

ALMA BARNES,
on behalf of herself and all
others similarly situated,

Plaintiff - Appellant,

versus

COMPASS BANK,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 9, 2014)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Alma Barnes appeals from the district court's order dismissing her complaint alleging that Defendant-Appellee Compass Bank violated 15 U.S.C. § 1637a of the Truth in Lending Act ("TILA") because it failed to give her certain disclosures when she applied for a loan in June 2012. The district court dismissed the complaint, filed in July 2013, on the ground that her claims were barred by the TILA one-year statute of limitations. On appeal, Barnes argues that the district court erred in using as the limitations period commencement date the date of the loan application, as opposed to the date of the consummation of the loan. After thorough review, we affirm.

We review de novo the district court's interpretation and application of the statute of limitations. Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1337 (11th Cir. 2008). Dismissal on statute of limitations grounds is appropriate "if it is apparent from the face of the complaint that the claim is time-barred." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quotation omitted).

TILA requires that certain disclosures be provided to a consumer "at the time the creditor distributes an application to establish an account." 15 U.S.C. § 1637a(b)(1)(A). These disclosures include: (1) an example (based on a $10,000 principal balance) showing how long it will take to repay a  loan if only the minimum payments are made, 15 U.S.C. § 1637a(a)(9); and (2) and a pamphlet, or its equivalent, prepared by the Bureau of Consumer Financial Protection,

containing general information about home equity loans, 15 U.S.C. § 1637a(e). TILA further provides that an action under it may be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

As a general rule, the statute of limitations clock begins to tick when the plaintiff first has a complete and present cause of action.  See Gabelli v. S.E.C., — U.S. —, 133 S. Ct. 1216, 1220 (2013) ("Thus the 'standard rule' is that a claim accrues 'when the plaintiff has a complete and present cause of action.'"); Heimeshoff v. Hartford Life & Acc. Ins. Co., — U.S. —, 134 S. Ct. 604, 610 (2013) ("Recognizing that Congress generally sets statutory limitations periods to begin when their associated causes of action accrue, this Court has often construed statutes of limitations to commence when the plaintiff is permitted to file suit."). In other contexts, we've discussed the "delayed discovery rule," which "prevents a cause of action from accruing until the plaintiff either knows or reasonably should know of the act giving rise to the cause of action."  Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1271 (11th Cir. 2002).  We've also said, however, that "[t]his discovery rule, which might be applicable to statutes of limitations in state tort actions, has no place in a proceeding to enforce a civil penalty under a federal statute. The statute of limitations begins with the violation itself -- it is upon violation, and not upon discovery of harm, that the claim is complete and the clock is ticking."  Trawinski v. United Tech., 313 F.3d 1295, 1298 (11th Cir. 2002).

Here, it is undisputed that Compass distributed an application to Barnes on June 6, 2012. The statute provides that Compass should have provided all necessary disclosures to Barnes on that date. 15 U.S.C. § 1637a(b)(1)(A). Barnes alleges that Compass failed to give her two of those disclosures. Because Congress tied the § 1637a disclosures to the distribution of the loan application, and because Compass allegedly failed to distribute all necessary disclosures at that time, it seems clear to us that the statute of limitations should begin to run from the date of the credit application, which is also the date of Compass's violation. Moreover, even if we were to consider applying the delayed discovery rule, it would have no application here -- Barnes knew or reasonably should have known about the missing disclosures at the time she received the loan application, since this is not a situation in which Barnes had no means of knowing that she had not received the disclosures. Barnes has also failed to make any showing that she is entitled to equitable tolling for her TILA claims. See Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706-08 (11th Cir. 1998) (holding that equitable tolling is available for stale TILA claims but only if the plaintiff was prevented from bringing suit on those claims "due to inequitable circumstances").

Barnes relies on Goldman v. First Nat'l Bank of Chicago, 532 F.2d 10 (7th Cir. 1976), to argue that the limitations period for open-ended lines of credit should be calculated "from the date of the imposition of the first finance charge," and not

4

from the date of the credit application.  Specifically, Goldman held that when "there has been an incomplete, inaccurate or misleading disclosure, the limitations period should not be measured from the date the disclosure was required by law to be made, but instead by the date on which a finance charge was first imposed."  Id. at 21.

Goldman does not apply here.  Among other things, Goldman was expressly concerned with open-ended lines of credit and "incomplete, inaccurate or misleading disclosures," which are not what is at issue in this case.  In explaining why it was choosing the date of the first finance charge, the Goldman court explained, "[i]f no disclosure was made, of course, the debtor would be cognizant of that fact on the day the credit disclosure forms were given to him, but, Goldman argues that when there has been inaccurate, partial or misleading disclosure, there is no way, prior to the billing of an inconsistent finance charge, for the violation to be ascertained and action take."  Id. at 17.  See also id. at 19 ("Goldman's observation that when the disclosure statement is false, incomplete or inaccurate, it is not until the imposition of the first finance charge that the debtor can perceive that a violation has occurred is irrefutable.").

Here, as we've said, Barnes was aware, or should have been aware of the missing disclosures at the time of the loan application.  As a result, the limitations period began ticking at that time.  Because the district court properly calculated the

5

beginning of the limitations period, and because Barnes filed suit over a year after that date, the district court did not err in dismissing the case as time-barred.

**AFFIRMED.**