[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13058
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00081-RH-CAS

RONALD DAVID JONES,

Plaintiff - Appellant,

versus

GADSDEN COUNTY SCHOOLS,
WEST GADSDEN MIDDLE SCHOOL,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 4, 2019)

Before WILLIAM PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Substitute teacher Ronald Jones appeals the dismissal of his *pro se* civil

rights complaint under 42 U.S.C. § 1983, in which he alleged that the school

district retaliatorily refused to hire him as a permanent teacher. For the reasons that follow, we affirm the dismissal of his suit.

We construe Jones's *pro se* pleadings and brief liberally, and we accept his factual allegations as true for the purposes of our review. *See Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir. 2002). Jones, a substitute teacher for Gadsden County Schools, alleged in his complaint that the school district refused to hire him as a permanent teacher in 2017 and 2018 "in retaliation for exposing their inappropriate sexual behavior." Jones later amended his complaint to add various other allegations dating from 2007 to 2013, including claims of misuse of public position and violation of his free exercise of religion, but the magistrate judge found that the new claims were time-barred.[1]

With respect to the retaliation claim, the magistrate judge found that Jones failed to state a prima facie case of retaliation because he had not shown that he engaged in any protected activity. Finding that any remaining allegations were "disjointed, conclusory, and contradictory" and did not state a claim, the magistrate judge recommended that the complaint be summarily dismissed. Jones filed objections and moved for appointment of counsel. The district court adopted the report and recommendations of the magistrate judge and *sua sponte* dismissed the

---

[1] A § 1983 claim is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999); *see* Fla. Stat. § 95.11(3)(p).

entire complaint for failure to state a claim. Denying Jones's request for appointed counsel as moot, the district court also noted that, given Jones's 31 cases filed in that court, "[n]o purpose would be served by granting leave to amend further." Jones now appeals the dismissal of his amended complaint.

We review *de novo* the *sua sponte* dismissal of a complaint for failure to state a claim. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056–57 (11th Cir. 2007). Jones argues on appeal that his complaint did state a claim of retaliation when he alleged that the school district refused to hire him, in retaliation for his filing of this suit, another federal lawsuit, and two state administrative actions.

We conclude that Jones has not pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He has not provided a factual basis that would allow us, even reading liberally, to infer all three elements of the prima facie retaliation case. The amended complaint does not suggest how "exposing their inappropriate sexual behavior" was protected activity, nor does it tell us how that exposure was causally connected to the school district's failure to hire Jones as a permanent teacher. Accordingly, we affirm the dismissal of the retaliation claim.

Jones also argues on appeal that the school district violated Fla. Stat. § 112.313(6), which prohibits a public officer from "corruptly" using his or her

position "to secure a special privilege, benefit, or exemption for himself, herself, or others." But his amended complaint does not name any public officers as defendants. Furthermore, as Jones correctly acknowledges, *respondeat superior* liability is not available under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). This allegation therefore fails to state a claim under § 1983.

Finally, Jones does not argue on appeal that the district court erred in dismissing his case without first granting him leave to amend his complaint or in dismissing most of his claims as time-barred. He purports to appeal the denial of his motion for appointed counsel, but he does not explain why he is entitled to counsel. These issues are thus waived. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

The dismissal of Jones's complaint is **AFFIRMED.**