[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14779
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cv-61686-BB

KENNETH A. FRANK,

Plaintiff-Appellant,

versus

DAVID SCHULSON,
Assistant State Attorney in Individual Capacity,
JOEL T. LAZARUS,
In Individual Capacity,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 5, 2019)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Frank, a Florida state pretrial detainee proceeding *pro se*, appeals the district court's order dismissing without prejudice his civil rights complaint, in which he alleged claims under, *inter alia*, 42 U.S.C. § 1983 and the Racketeer-Influenced and Corrupt Organizations Act ("RICO").  After Frank filed his original complaint, a magistrate judge determined that it was deficient for several reasons, including under Fed. R. Civ. P. 8(a)(2) and 10(b), and ordered him to file a proper amended complaint.  After Frank filed his amended pleading, the magistrate judge concluded that he failed to comply with the previous order and recommended that the district court dismiss the action without prejudice.  The district court adopted the recommendation and dismissed the case without prejudice.  Frank now challenges that dismissal.[1]

We have held that federal courts have the power to manage their dockets and curb vexatious litigation.  *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863-64 (11th Cir. 2004); *see also Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) ("District courts have unquestionable authority to control their own dockets . . . , [which] includes broad discretion in deciding how best to manage the cases before them.").  We review district courts' decisions managing their dockets for abuse of discretion.  *See Young*, 358 F.3d at 863–64 (reviewing various district court decisions made in the course of managing its docket for abuse

---

[1] Because Frank does not challenge the original order to amend his complaint, he has abandoned any claim in that regard.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

2

of discretion).  Additionally, we have held that a district court may also dismiss an action *sua sponte*, "as long as the procedure employed is fair." *Tazo v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).  "To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Id.* (quotation omitted).

"Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Betty K Agencies, Ltd.*, 432 F.3d at 1337 (quotations omitted).  Notably, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Further, a dismissal without prejudice generally does not constitute an abuse of discretion because the party may simply re-file the complaint.  *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to comply with a court order was not an abuse of discretion).

Ultimately, we will not reverse a "harmless" error.  *See* Fed. R. Civ. P. 61; *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016).  An error is harmless if it does not affect an aggrieved party's substantial rights.  *Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1446 (11th Cir. 1984).  Finally, although *pro se* complaints must be liberally construed, *Trawinski v. United Tech.,*

3

313 F.3d 1295, 1297 (11th Cir. 2002), such complaints still must comply with the procedural rules governing the proper form of pleadings, *McNeil v. United States,* 508 U.S. 106, 113 (1993).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 10, a party must state his claim in numbered paragraphs, each limited as far as practicable to a single set of circumstances, and each claim must be stated in a separate count. Fed. R. Civ. P. 10(b). A complaint that violates either Rule 8(a)(2) or Rule 10(b), or both, is often referred to as a "shotgun pleading." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). We have identified four types of shotgun pleadings, including, for example, complaints that contain multiple counts, each of which incorporates the factual allegations of the preceding sections, causing each count to contain factual allegations irrelevant to the underlying claim; and complaints that are replete with conclusory, vague, and immaterial facts not connected to any particular cause of action. *Weiland*, 792 F.3d at 1321-23. The "unifying characteristic" of all shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests, and do not adequately specify which "allegations of fact are intended to support which claim(s) for relief." *Id.* at 1323, 1325 (quotation omitted). We have repeatedly condemned the

4

use of such pleadings. *Maglutta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). The district court's discretion to control its docket will, in some circumstances, include the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b). *Weiland*, 792 F.3d at 1320.

Here, the district court did not abuse its discretion in dismissing without prejudice Frank's amended complaint.[2]   At the outset, although, as Frank notes, the prisoner civil rights form the magistrate judge required did not precisely fit his situation, there is no indication that the magistrate judge or district court made any decision based on the content of the form, and the form provided Frank ample space to bring his cause of action in a manner that complied with the Federal Rules of Civil Procedure. Additionally, the district court conducted a *de novo* review of the proceedings, and therefore any oversight by the magistrate judge in requiring Frank to use this particular form, even if shown, was harmless. Fed. R. Civ. P. 61; *Furcron, LLC*, 843 F.3d at 1304.

---

[2] We note that Frank did not object to the magistrate judge's report and recommendation, but because that order did not warn Frank of the consequences of failing to object, we conclude that Frank is entitled to appellate review of his claims. *See* 11th Cir. R. 3-1. Further, we note that although Fed. R. 41(b) allows a district court to dismiss an action for failure to prosecute or follow a court order, we conclude that it is unnecessary to address that Rule because the district court had the authority to dismiss the case under the power to manage its own docket, and to dismiss the action *sua sponte* using a fair procedure. *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863-64 (11th Cir. 2004); *Tazo v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). Here, the procedure was fair because the magistrate judge provided specific instructions and notified Frank that his case could be dismissed if he failed to comply. *See Tazo*, 631 F.3d at 1336.

A review of the amended complaint itself shows that Frank failed to comply with the magistrate judge's order. He used the form, but he also attached several addenda, which totaled over 120 pages of additional complaint material; his allegations included irrelevant facts and conclusory allegations; and the complaint as a whole did not comply with Rules 8(a)(2) and 10(b). Thus, the district court did not abuse its discretion in dismissing the action, as it did so using a fair procedure and under its authority to manage its docket. *Weiland*, 792 F.3d at 1320; *Gratton*, 178 F.3d at 1374; *Young*, 358 F.3d at 863-64.[3]

Finally, Frank's miscellaneous arguments fail. Service of process on and answers from the defendants were unnecessary to address the issues that were present below, all of which involved Frank's pleading alone. Further, despite Frank's argument, there is no indication that the district court's order has in any way impacted his free speech rights, and he has not been denied access to the courts because he is still allowed to refile his action. Additionally, Frank's argument that he should have been able to proceed on the merits fails because the court gave him a chance to do so by filing an amended complaint that complied with the magistrate judge's order.

---

[3] Moreover, the district court's dismissal was without prejudice, which generally does not constitute an abuse of discretion because he can simply re-file his complaint. *See Dynes*, 720 F.2d at 1499. Frank does not argue that the district court's order was tantamount to a dismissal with prejudice due to applicable statutes of limitations or other procedural bars, so he has abandoned any claim in that regard. *Timson*, 518 F.3d at 874.

Accordingly, the district court was within its discretion to dismiss Frank's action without prejudice.  We therefore affirm.

**AFFIRMED.**