[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12654
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:08-cv-61519-MGC

JUSSI K. KIVISTO,

                                                    Plaintiff-Appellant,

versus

MILLER, CANFIELD, PADDOCK AND STONE, PLC,
HODGSON RUSS, LLP,
SUSAN I. ROBBINS,
GEOFFREY M. CHIN,
BRIAN K. DUFFEY, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 25, 2011)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Jussi K. Kivisto, proceeding pro se, appeals from the district court's dismissal for failure to state a claim of his civil complaint based on the federal Racketeer Influenced and Corrupt Organization ("RICO") statute, 18 U.S.C. § 1961 et seq.; and 42 U.S.C. §§ 1983, 1985(2) and (3). After careful review, we affirm.

We review de novo the district court's grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. American Dental Association v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010).

Under Fed.R.Civ.P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In Twombly, the Supreme Court held that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations, citations, and alterations omitted). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (quotations and citations

2

omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face;" when plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.

In Iqbal, the Supreme Court held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" American Dental, 605 F.3d at 1290 (quoting Iqbal, 129 S.Ct. at 1950). Further, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Id. (quoting Iqbal, 129 S.Ct. 1951-52). Finally, because this is an interpretation of Rule 8, the Twombly plausibility standard applies to all civil actions. Id. (citing Iqbal, 129 S.Ct. at 1953).

3

Section 1962(c) of the RICO statutes requires that a plaintiff prove that a defendant participated in the conduct of an enterprise's affairs "through a pattern of racketeering activity." 18 U.S.C. § 1962(c). Thus, to establish a federal civil RICO violation, the plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Williams v. Mohawk Indus. Inc., 465 F.3d 1277, 1282 (11th Cir. 2006) (quotation omitted). In addition, plaintiffs in a civil RICO action must also satisfy the requirements of § 1964(c), which requires (1) a showing of an injury to "business or property," and (2) that such injury was "by reason of" the substantive RICO violation. Id.; 18 U.S.C. § 1964(c). "Racketeering activity" is defined to include specified predicate acts such as mail fraud and extortion. 18 U.SC.§ 1961(1). In order to prove a pattern of racketeering in a civil RICO case, "a plaintiff must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity." American Dental, 605 F.3d at 1290-91. When a civil RICO claim is brought with respect to a closed period of time (such as alleged fraud arising from the settlement of a lawsuit), continuity cannot be shown by allegations of a scheme that lasted only nine months. See Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1264-67 (11th Cir. 2004) (applying federal precedent in the context of a Florida RICO claim). An open-ended continuity

4

cannot be shown by conclusory allegations that once begun, the alleged misconduct threatens to continue into the future. Id. at 1267-69.

Extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). "Mail or wire fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in furtherance of that scheme." American Dental, 605 F.3d at 1290 (quotation omitted). Further, RICO allegations based on predicate acts of mail fraud "must comply not only with the plausibility criteria articulated in Twombly and Iqbal but also with Fed.R.Civ.P. 9(b)'s heightened pleading standard, which requires that in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." American Dental, 605 F.3d at 1291 (quotation and alteration omitted). Accordingly, a plaintiff must allege, as to each defendant, "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." Id. (quotation omitted). In a case involving multiple defendants, the complaint must not lump together all of the defendants, as "the complaint should inform each defendant of the nature of his

5

alleged participation in the fraud." Ambrosia Coal & Constr. Co. v. Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) (quotation omitted).

Section 1962(d) of the RICO statutes make it illegal for anyone to conspire to violate one of the substantive provisions of RICO, including § 1962(c). 18 U.S.C. § 1962(d). "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts." American Dental, 605 F.3d at 1293 (quotation omitted). Further, "[t]o be guilty of conspiracy, . . . parties must have agreed to commit an act that is itself illegal -- parties cannot be found guilty of conspiring to commit an act that is not itself against the law." Jackson, 372 F.3d at 1269 (quotation omitted).

To succeed on 42 U.S.C. § 1983 claim, a party must establish that the offending conduct was committed by a person acting under color of state law and that the conduct deprived him of rights secured by the Constitution or laws of the United States. Fullman v. Graddick, 739 F.2d 553, 561 (11th Cir. 1984). A plaintiff claiming a conspiracy under § 1983 must make particularized allegations that a conspiracy exists. See Phillips v. Mashburn, 746 F.2d 782, 784 (11th Cir.1984). A private party can be viewed as a "state actor" for § 1983 purposes "[o]nly in rare circumstances." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Following

6

Iqbal, "complaints in § 1983 cases must now contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010) (quotation omitted).

Section 1985 covers conspiracies to interfere with civil rights. See 42 U.S.C. § 1985. "The purpose of § 1985 was to stifle the serious class-based deprivation of constitutional rights by private parties, not to serve as a general federal tort law." Trawinski v. United Technologies, 313 F.3d 1295, 1299 (11th Cir. 2002). Section 1985(2) provides a cause of action for obstruction of justice where "two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . ." 42 U.S.C. § 1985(2).

Section 1985(3) provides a remedy for a conspiracy to interfere with civil rights. See 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) resulting in an injury to person or property, or a deprivation of any right or privilege of a citizen of the United States. Childree v. UAP/GA AG CHEM, Inc., 92 F.3d 1140, 1146-47 (11th Cir.

7

1996).  To prove the second element, the plaintiff must show that the deprivation of rights or privileges occurred as a result of "some racial, or . . . otherwise class-based, invidiously discriminatory animus behind the conspirators' actions."  Id. at 1147 (quotations omitted).

First, because Kivisto failed to sufficiently plead facts that any of the defendants committed either mail fraud or extortion, the district court did not err in dismissing his substantive RICO claims.  Second, because Kivisto did not plausibly allege sufficient facts regarding the defendants' agreement to engage in the ongoing conduct of an enterprise through a pattern of racketeering activity, the district court did not err in dismissing his RICO conspiracy claims.

Finally, Kivisto declares that the defendants discriminated against him based on his Finnish origin, but besides his bare assertions, Kivisto's second amended complaint contains no factual allegations showing that his constitutional or civil rights have been infringed by a conspiracy or otherwise.  Thus, the district court did not err in dismissing his various civil rights claims.  Accordingly, we affirm.

**AFFIRMED.**