### Glenaan ROBBINS, Plaintiff

v.

### GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant.

Civil Action No. 13–81259–Civ–Scola.

United States District Court, S.D. Florida.

Signed July 18, 2014.

Andrew Bryan Zelmanowitz, Barbara Perez, Tod N. Aronovitz, Aronovitz Law, Miami, FL, for Plaintiff.

Brian A. Dominguez, Thomas E. Scott, Jr., Cole, Scott and Kissane, P.A., Miami, FL, for Defendant.

### *Order Granting Defendant's Motion to Dismiss*

ROBERT N. SCOLA, JR., District Judge.

Plaintiff Glenaan Robbins sustained injuries during a motor vehicle accident in April 2013.[1] She received medical treatment for her injuries and alleges that "no determination was made that she did not have an emergency medical condition." (ECF No. 14, ¶ 19.) When Robbins submitted a claim for payment of medical services to her insurer, Defendant Garrison Property and Casualty Insurance Company (Garrison), Garrison limited her reimbursement to $2,500.

Robbins alleges that, by limiting her reimbursement to $2,500, Garrison violated the Florida Motor Vehicle No–Fault Law. Under this law, an insured is entitled to reimbursement of up to $10,000 in Personal Injury Protection (PIP) benefits where a physician, osteopathic physician, dentist, physician assistant, or advanced nurse practitioner has determined that the insured has an emergency medical condition.

---

1. For purposes of this motion, the Court accepts as true all of the Complaint's well-pled factual allegations. *Beck v. Deloitte & Touche,* 144 F.3d 732, 735 (11th Cir.1998).

An insured is entitled to reimbursement of up to $2,500 in PIP benefits where certain medical professionals determine that the insured does not have an emergency medical condition. Robbins alleges that here, where there had been no determination, insurance companies must reimburse medical expenses up to $10,000.

Garrison has moved to dismiss the complaint on two grounds. First, Garrison submits a competing interpretation of the PIP provision: Insurance companies are required to reimburse medical expenses up to $10,000 only where a medical professional has determined that the insured has an emergency medical condition; in all other cases the $2,500 maximum applies. Second, Garrison alleges that Robbins's claims are inadequately pled and fail as a matter of law. For the reasons discussed below, the Court **grants** the Motion to Dismiss (ECF No. 18).

### 1. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all of a complaint's well-pled factual allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Though the rule does not require detailed factual allegations, it does require "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (brackets, internal citation, and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* So a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will be dismissed. *Id.*

Faced with a motion to dismiss, a court should therefore "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir.2010) (internal quotation marks omitted). Moreover, "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (brackets and internal quotation marks omitted). "This is a stricter standard than the Supreme Court described in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), which held that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mukamal v. Bakes*, 378 Fed.Appx. 890, 896 (11th Cir.2010) (internal quotation marks omitted). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 Fed.Appx. 136, 138 (11th Cir. 2011).

### 2. PIP benefits under the Florida Motor Vehicle No–Fault Law

"The starting point for all statutory interpretation is the language of the statute

itself." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir.1999). If the statutory language is clear and unambiguous, the Court must end its inquiry. *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004). The statute, revised by the 2012 amendments to the Florida Motor Vehicle No–Fault Law, provides:

(1) Required benefits.—An insurance policy complying with the security requirements of s. 627.733 must provide personal injury protection to the named insured ... to a limit of $10,000 in medical and disability benefits ... resulting from bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:

(a) *Medical benefits.*—Eighty percent of all reasonable expenses for medically necessary medical, surgical, X-ray, dental, and rehabilitative services[.] The medical benefits provide reimbursement only for:

...

3. Reimbursement for services and care provided ... up to $10,000 if a physician licensed under chapter 458 or chapter 459, a dentist licensed under chapter 466, a physician assistant licensed under chapter 458 or chapter 459, or an advanced registered nurse practitioner licensed under chapter 464 *has determined that the injured person had an emergency medical condition.*
4. Reimbursement for services and care ... is limited to $2,500 if a provider listed in subparagraph 1. or subparagraph 2. *determines that the injured person did not have an emergency medical condition.*

Fla. Stat. § 627.736 (emphasis added).

The statute does not contain a default provision establishing the coverage limit when a qualified medical professional "makes no determination that the patient did not have an emergency medical condition." (*See* ECF No. 14, ¶ 19.) After reviewing the broad structure of this provision, however, the Court concludes that PIP medical benefits are limited to $2,500 unless a physician, osteopathic physician, dentist, physician's assistant, or advanced registered nurse practitioner has determined that the injured person has an emergency medical condition.

This interpretation gives effect to all of the statute's provisions, where Robbins's interpretation would lead to inconsistencies within the statute. For example, chiropractors are not listed among the medical professionals who may determine that an injured person had an emergency medical condition. Fla. Stat. § 627.736(1)(a)(3). But, chiropractors are included in the list of medical professionals who may determine that an injured person did not have an emergency medical condition. Fla. Stat. § 627.736(1)(a)(4). Under Robbins's interpretation, if the chiropractor remained silent, the injured person would be able to avoid the lower $2,500 limit on PIP medical benefits.

Even presuming ambiguity, the Court's reading of the statute comports with the legislature's intent in amending this provision. *U.S. Steel Mining Co. v. Dir., OWCP*, 719 F.3d 1275 (11th Cir.2013) (noting that where there can be more than one reasonable interpretation of a statute "the courts are left to determine [the statute's] meaning by looking to the legislative history and employing [other] cannons of statutory construction."). For example, the Florida Senate House Message Summary states:

The full $10,000 PIP medical benefit is only available if a physician, osteopathic physician, dentist, or a supervised physician's assistant or advanced registered nurse practitioner determines that the

insured has an 'emergency medical condition.' Otherwise, the PIP medical benefit is limited to $2,500.

The Florida Senate House Message Summary, HB 119, 3/9/2012.[2] Similarly, the Florida Senate 2012 Summary of Legislation Passed states:

> The bill applies two different coverage limits for PIP medical benefits, based upon the severity of the medical condition of the individual. An individual may receive up to $10,000 in medical benefits for services and care if a physician, osteopathic physician, dentist, physician's assistant or advanced registered nurse practitioner has determined that the injured person had an emergency medical condition.... An individual who is not diagnosed with an emergency medical condition, the PIP medical benefit limit is $2,500.

The Florida Senate 2012 Summary of Legislation Passed, Committee on Banking and Insurance, CS/CS/HB 119—Motor Vehicle Personal Injury Protection Insurance.[3] The House of Representatives Final Bill Analysis states: Medical benefits of up to $10,000 are available for emergency medical conditions diagnosed by specified providers; medical benefits of up to $2,500 are available for non-emergency conditions.

House of Representatives Final Bill Analysis, HB 119, 5/7/2012, at 9.[4]

In sum, the Court concludes that PIP medical benefits are limited to $2,500 unless a physician, osteopathic physician, dentist, physician's assistant, or advanced registered nurse practitioner has determined that the injured person has an emergency medical condition. In light of this holding, Robbins has failed to allege a statutory violation. The Court will not address Garrison's remaining arguments.

### Conclusion

For the reasons stated above, the Court **grants** Garrison's Motion to Dismiss Plaintiffs Amended Class Action Complaint (ECF No. 18). The Court dismisses the Amended Class Action Complaint. Robbins, however, may file a Second Amended Complaint by August 4, 2014 if she believes she can state a claim consistent with the Court's ruling.

---

2. *Available at*

http://www.flsenate.gov/Session/Bill/2012/0119/Analyses/2012h0119.hms.PDF (last visited July 17, 2014).

3. *Available at*

http://www.flsenate.gov/Committees/billsummaries/2012/html/215 (last visited July 17, 2014).

4. *Available at*
http://www.myfloridahouse.gov/sections/bills/billsdetail.aspx?BillId=47180 (last visited July 17, 2014).