[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11176
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-61359-CV-DLG

LENNON ANDERSON,

Plaintiff-Appellant,

versus

VANGUARD CAR RENTAL USA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 23, 2008)

Before ANDERSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Lennon Anderson, proceeding pro se, appeals the dismissal with prejudice of

his 42 U.S.C. § 1985(3) civil complaint, for failure to state a claim upon which relief could be granted. On appeal, Anderson argues that he satisfied the pleading requirements of § 1985(3) by alleging that Vanguard, his former employer, deprived him of rights or privileges under the Thirteenth Amendment and by alleging that there was racial animus behind Vanguard's actions. In the alternative, Anderson argues that the district court erred by dismissing his second amended complaint with prejudice, because he could remedy any defect through amendment.

Anderson was employed by Vanguard Car Rental USA, Inc. ("Vanguard") as a service agent. He was expected to detail four vehicles per hour while meeting company quality standards. Anderson alleges that this requirement was impossible to meet. He complained to management and suggested new ways to meet Vanguard's quality and quantity expectations. On June 11, 2005, his hours were cut 41 percent. On July 23, 2005, Anderson was terminated for low productivity. Anderson asserts that 99.9 percent of the service agents employed by Vanguard at the Ft. Lauderdale International Airport are black. Several of the managers are white. Furthermore, Vanguard contracted with Hispanic "temp" agents who were not subject to the same impossible-to-meet standards as the service agents employed directly by Vanguard. Anderson alleges that Vanguard used "threats of

employment termination to force job completion and create fear in the process." He claims that the impossible-to-meet work standards amounted to a "badge of slavery prohibited by the Thirteenth Amendment."

We review de novo the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. D.P. ex rel. E.P. v. Sch. Bd. of Broward County, 483 F.3d 725, 728 (11th Cir. 2007). "[P]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Trawinski v. United Tech., 313 F.3d 1295, 1297 (11th Cir. 2002). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atlantic v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citation omitted).

Section 1985(3) provides a remedy for conspiracy to interfere with civil rights. See 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of

3

equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Lucero v. Operation Rescue of Birmingham, 954 F.2d 624, 627 (11th Cir. 1992).  To prove the second element, the plaintiff must show a deprivation of rights under a specific statute or constitutional provision and "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Id. at 628.

Anderson fails to state a claim under 42 U.S.C. § 1985(3) because the second amended complaint failed to allege any racial or other discriminatory animus behind Vanguard's actions.  In support of this conclusion, the district court noted: (1) although the complaint alleges that Hispanic "temp" workers were not required to meet the same impossible work standards as other service agents (detailing four cars per hour), it also stated that the temporary workers were not employed directly by Vanguard; (2) Anderson never alleged that the temporary workers were treated differently on account of race; (3) by stating that 99.9 percent of service agents were black, Anderson indicated that at least some non-black service agents were subjected to the same impossible-to-meet work standards; and (4) Anderson characterized Vanguard's motive as "making money" and

4

"maximizing profit." We find no error in the district court's analysis.

Anderson also fails to state a claim under 42 U.S.C. § 1985(3) because he fails to assert a valid claim under the Thirteenth Amendment. Anderson argues that the Vanguards' impossible-to-meet work standards are a "badge of slavery" prohibited by the Thirteenth Amendment. However, Anderson did not allege that Vanguard, or it agents, forced him to work, nor has he sufficiently alleged any racial animus behind Vanguard's action. Thus, Vanguard's work standards "cannot be equated to an actual restraint on the liberty of black citizens that is in any sense comparable to the odious practice the Thirteenth Amendment was designed to eradicate." City of Memphis v. Greene, 451 U.S. 100, 128, 101 S.Ct. 1584, 1600, 67 L.Ed.2d 769 (1981). Anderson has also abandoned any attempt to argue that he was subject to involuntary servitude. Accordingly, Anderson failed to plead a deprivation of rights or privileges under the Thirteenth Amendment.[1]

When a complaint fails to state a claim for relief, a district court can grant leave to amend subject to reasonable conditions and limitations. Garfield v. NDC Health Corp., 466 F.3d 1255, 1270 (11th Cir. 2006). However, the leniency afforded pro se pleadings "does not give a court license to serve as a de facto

---

[1]    In his briefs to this Court, Appellant repeatedly emphasizes that two of Vanguard's managers were terminated within one week after the original complaint was served on Vanguard. However, this fact does not create an issue regarding whether the allegations in the second amended complaint amount to a "badge of slavery."

counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted). A district court need not allow an amendment: "(1) where there has been undue delay . . . or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). We review denial of leave to amend for abuse of discretion. Garfield, 466 F.3d at 1270. The district court noted that Anderson had two opportunities to amend his complaint but failed to cure its deficiencies each time. Furthermore, the district court found that on the facts, as alleged, it appeared that Anderson would be unable to state a cause of action by amending the complaint and, as a result, additional amendment would be futile. We discern no abuse of discretion.

Accordingly, for the reasons set forth above, we affirm the district court's dismissal with prejudice of Anderson's civil action pursuant to Federal Rule of Civil Procedure 12(b)(6).

AFFIRMED.[2]

---

[2] Appellant's request for oral argument is DENIED.