[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14452
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-61092-JIC

LENNON ANDERSON,

Plaintiff-Appellant,

versus

VANGUARD CAR RENTAL USA INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 1, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro se* plaintiff-appellant Lennon Anderson appeals the district court's grant

of summary judgment to his former employer, Vanguard Car Rental USA, Inc.,

("Vanguard"), in his employment discrimination lawsuit filed under 42 U.S.C.

§ 1981. He also appeals the district court's denial of his Fed.R.Civ.P. 59(e)

motion to alter judgment.

In 2009, Anderson, a Black male, filed an employment discrimination action

against Vanguard, alleging racial discrimination, wrongful termination, and

retaliation under 42 U.S.C. § 1981. According to the complaint, Vanguard cut

Anderson's hours, suspended him, and ultimately terminated him after Anderson

failed to meet the company's production standards, which Anderson asserted were

race-based and discriminatory. Vanguard moved for summary judgment on the

ground that Anderson's claims were barred by *res judicata*. Anderson had filed a

previous federal case against Vanguard, ("Anderson I"), which had raised claims

arising from the same set of operative facts and was dismissed with prejudice.[1]

Anderson filed a motion to strike the summary judgment motion on the

grounds that Anderson I was not a final decision because he had petitioned for

*cert.* in Anderson I and he had a pending state court action against Vanguard.

---

[1] In Anderson I, Anderson alleged that Vanguard deprived him of his Fifth and
Thirteenth Amendment rights under 42 U.S.C. § 1985(3) and conspired to deprive him of his
civil rights when it engaged in race-based discriminatory production quotas. The district court
dismissed the complaint with prejudice and this court affirmed. *Anderson v. Vanguard Car
Rental USA, Inc.*, 304 Fed. Appx. 830 (11th Cir. 2008), *cert. denied* 130 S.Ct. 400 (2009).

Anderson also filed a motion for sanctions against Vanguard's attorney under Federal Rule of Civil Procedure 11.

The district court granted Vanguard's summary judgment motion because Anderson's claims were barred by *res judicata*. The court also denied Anderson's motions to strike and for sanctions. Anderson filed a motion to alter or amend judgment, disputing the *res judicata* determination. The court denied the motion because Anderson's motion to amend presented no new facts or argument. The court noted that Anderson in effect argued that the district court in Anderson I violated his Seventh Amendment rights, but that the court could not "go back and undo what was done in *Anderson I.*" Anderson now appeals.

On appeal, Anderson argues that "fraud [was] perpetrated upon the court" by Judge Donald Graham, the district court judge in Anderson I, and by Judge James Cohn, the district court judge in this case. Specifically, Anderson submits that Judge Cohn perpetrated fraud and demonstrated partiality by ruling or making statements in his orders in Vanguard's favor, and should have recused himself. On the merits, Anderson argues that the district court unfairly applied *res judicata,* and thus, erred in granting summary judgment in favor of Vanguard. He also argues that the court abused its discretion in denying his Rule 59(e) motion to alter

3

judgment because it failed to address all of his arguments and granted summary judgment while his motion to compel discovery was pending.

I. Motion for Summary Judgment

We review *de novo* a district court's grant of summary judgment. *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1357 (11th Cir. 1999). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 1358. Whether a claim is barred by *res judicata* is a legal determination that we also review *de novo*. *Kizzire v. Baptist Health System, Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006).

*Res judicata* bars a plaintiff from bringing a subsequent lawsuit when four requirements are met: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). In relation to the last element of the test, "if a case arises out of the same nucleus of operative fact or is based upon the same factual predicate, as a former action, the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.* at 1239.

4

In this case, all four elements of the *res judicata* test were met. Anderson does not dispute that the court in Anderson I was a court of competent jurisdiction. And the parties in Anderson I and the instant suit are identical. Anderson I was dismissed with prejudice, thus rendering a final judgment on the merits. And the two cases arise from the same "nucleus of operative facts;" that Anderson cited two different statutes as the bases for his suits does not affect this analysis. Accordingly, the district court properly concluded that Anderson's case was barred and summary judgment was appropriate.

## II. Motion to Alter Judgment

We review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion. *Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007). "The only grounds for granting [a motion to alter judgment] are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion to alter judgment may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.*

Here, the district court properly denied Anderson's motion to alter judgment, as Anderson failed to demonstrate that the court had committed a

manifest error of law or fact in granting summary judgment to Vanguard, and did not argue that there was newly-discovered evidence.

### III. Judge Recusal

We review a district judge's decision as to whether to recuse himself for an abuse of discretion. *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989). Recusal of federal judges is governed by 28 U.S.C. § 455. *Id.* at 744. Section 455(a) instructs a federal judge to disqualify himself if "his impartiality might be reasonably questioned," and § 455(b) requires disqualification when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *See* § 445(a), (b)(1). The duty of recusal applies whenever disqualifying circumstances become known to the judge, whether that occurs before, during, or after a judicial proceeding. *Kelly*, 888 F.2d at 744. The standard for recusal under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* at 744-45 (quotations omitted).

"The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources, and must be focused against a party to the proceeding." *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983) (citation

6

omitted).  "An exception to that rule is made when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party."  *Id.*  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Further, "[n]either a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias."  *Hamm*, 708 F.2d at 651.

In this case, the record shows that Judge Cohn simply made rulings adverse to Anderson, which cannot be used to compel recusal under 28 U.S.C. § 455.  Accordingly, Anderson's allegations do not warrant recusal.

IV.  Fraud

We will not consider "arguments not raised in the district court and raised for the first time in an appeal."  *Access Now, Inc., v. Southwest Airlines Co.,* 385 F.3d 1324, 1331 (11th Cir. 2004) (quotation omitted).  Because Anderson raises his claims of fraud against Judge Cohn for the first time on appeal, he has waived this argument. [2]

For the foregoing reasons, we affirm.

---

[2]  Further, we will not consider Anderson's fraud allegations against Judge Graham because Anderson I is outside the scope of this appeal.  Anderson separately appealed Anderson I, and we affirmed the district court's dismissal with prejudice in that case.  *See Anderson,* 304 F. Appx. 830.  Thus, he should have raised any issues concerning Judge Graham in that appeal.

**AFFIRMED.**