PUBLISH

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

## No. 96-7171
_____

### D. C. Docket No. CV-94-PT-1566-M

ROBERT EUGENE WOODS, acting on his
behalf and on behalf of others
similarly situated, JAMES MICHAEL O'BRIEN,
acting on his behalf and on behalf of others
similarly situated,

Plaintiffs-Appellees,

versus

BEN GAMEL, in his individual capacity
and in his official capacity as the
prior Sheriff of Marshall County, et al.,

Defendants-cross-
claimants,

NEAL FOSSETT, in his individual capacity
and in his official capacity as Marshall
County Commissioner,

GRADY BURT, in his individual capacity and in
his official capacity as Marshall County
Commissioner,

LARRY FLACK, in his individual capacity and in
his official capacity as Marshall County
Commissioner,

DWIGHT KELLY, in his individual capacity and
in his official capacity as Marshall County
Commissioner,

**ELTON SIMS, in his individual capacity and in his official capacity as Marshall County Commissioner,**

                                        **Defendants-cross-claimants-Appellants,**


**ALABAMA DEPARTMENT OF CORRECTIONS, THOMAS HERRING, Commissioner,**

                                        **Defendants-Cross-defendants.**

—————————————————————

**Appeal from the United States District Court for the Northern District of Alabama**

—————————————————————

**(January 14, 1998)**

Before EDMONDSON and HULL, Circuit Judges, and CLARK, Senior Circuit Judge.

# EDMONDSON, Circuit Judge:

Defendants appeal the denial of a motion to dismiss based upon immunity.[1]  We conclude that defendants are entitled to

———————————

[1] Defendants filed a motion to dismiss arguing that they were entitled to either absolute legislative immunity or qualified immunity.  The district court concluded that no immunity applied in this case and

absolute legislative immunity.  We reverse and remand for further proceedings.


## Background


Plaintiffs instituted an action under 42 U.S.C. § 1983 against the commissioners of Marshall County, Alabama, in their individual and official capacities.  This appeal pertains to the district court's denial of defendant county commissioners' motion to dismiss (treated as a motion for summary judgment by the district court).  Given the nature of the motion, only the portion of the suit brought against the county commissioners in their individual capacities for money damages is at issue in this appeal.

Plaintiffs -- current and former inmates at the Marshall County Jail -- sued the defendants alleging jail overcrowding,

---

denied the motion.

poor health care and health care facilities in the county jail, inadequate supervision by jail officials, and other deficiencies in the county jail's administration and supplies. According to plaintiffs, the claim against the county commissioners stems from the commissioners' responsibility under Alabama law to pass an annual budget for county expenses:

> It shall be the duty of the county commission, at some meeting in September of each calendar year . . . to prepare and adopt an estimate of the income of the county for the fiscal year beginning on October 1 of the current calendar year for all public funds under its supervision and control, and to estimate for the same fiscal year the expense of operations and to appropriate for the various purposes the respective amounts that are to be used for each of such purposes; provided, that the appropriation so made shall not exceed the estimated total income of the county available for appropriations.

Ala. Code § 11-8-3 (1975).

Defendants filed a motion to dismiss claiming that they were entitled to absolute legislative immunity from the suit

against them in their individual capacities because the act of

passing a county budget was a legislative act.[2]

## Discussion

A district court's denial of a motion to dismiss based upon

absolute legislative immunity is reviewed by this Court <u>de</u>

---

[2] In the alternative, Defendants claimed they were entitled to qualified immunity because the right to certain funding for the jail was not already clearly established. Because we conclude that the county commissioners are entitled to absolute legislative immunity, we do not decide the issue of qualified immunity.

novo.[3]   See <u>Yeldell v. Cooper Green Hosp., Inc.</u>, 956 F.2d 1056,

1060 (11th Cir. 1992).

Legislative immunity was established in the Speech and

Debate Clause of the United States Constitution. U.S. Const. art.

I, § 6, cl. 1.  The clause protects not only the speech and debate

of legislators, but also voting on legislative acts.  <u>See</u> <u>Kilbourn</u>

<u>v. Thompson</u>, 103 U.S. 168, 204 (1880).  This absolute legislative

immunity has been extended by the Supreme Court, beyond

---

[3]A denial of absolute legislative immunity is immediately appealable under the collateral order doctrine. <u>See</u> <u>Crymes v. Dekalb County, Ga.</u>, 923 F.2d 1482, 1484 (11th Cir. 1991). Issues such as this one are immediately appealable because legislative immunity provides immunity from suit, not simply immunity from damages. <u>See</u> <u>Brown v. Crawford County, Ga.</u>, 960 F.2d 1002, 1010 (11th Cir. 1992). Thus, we have jurisdiction over this appeal.

federal legislators, to state and regional legislators. **See**

**Supreme Court of Virginia v. Consumers Union**, 446 U.S. 719,

732 (1980). And, absolute legislative immunity has been

extended further to include local legislators. **See** **Hernandez v.**

**City of Lafayette**, 643 F.2d 1188, 1193 (5th Cir. 1981). Thus,

county commissioners can be entitled to legislative immunity

when acting in their legislative capacities.

Legislators have absolute immunity under section 1983

when they are "acting within their legislative roles," performing

"legislative acts."[4] **Brown**, 960 F.2d at 1011 (quoting **Tower v.**

**Glover**, 467 U.S. 914, 920 (1984)). But, the immunity "extends

---

[4] *Even if the commissioners acted out of evil intent, the legislative nature of the act still controls. See Ellis v. Coffee County Bd. of Registrars, 981 F.2d 1185, 1191 (11th Cir. 1993) (Absolute immunity is an absolute protection, not a good faith protection such as qualified immunity.).*

only to actions taken within the sphere of legitimate legislative activity."  Id. (quoting Finch v. City of Vernon, 877 F.2d 1497, 1505 (11th Cir. 1989)). It is the nature of the act, and not the position of the actor, which determines when absolute legislative immunity will apply.  See Yeldell, 956 F.2d at 1062. Thus, whether the Marshall County Commissioners are entitled to such immunity depends upon whether when making budgetary decisions -- including budgeting for the county jail -- they were acting in their legislative capacity:  was approving the budget a "legislative act"?

An act is deemed legislative, rather than administrative or managerial, when it is policymaking and of general application. See Brown, 960 F.2d at 1011.  "Only those acts which are 'necessary to preserve the integrity of the legislative process' are protected."  Yeldell, 956 F.2d at 1062 (quoting United States v. Brewster, 408 U.S. 501, 517 (1972)).  "[V]oting, debate and reacting to public opinion are manifestly in furtherance of

8

legislative duties."  DeSisto College, Inc. v. Line, 888 F.2d 755, 765 (11th Cir. 1989).

In this case, the commissioners' act of passing the budget was legislative:  policymaking of general application.  The county commissioners deliberated and then voted on a budget resolution for the entire county, not just the jail.  The commissioners had a duty to adopt a budget under Alabama Statute § 11-8-3, which requires counties to pass annual budgets for all county-funded agencies and to do so without appropriating more funds than the county expects to collect for that year.

Plaintiffs argue that, although voting -- such as voting for a budget -- is generally a legislative act, in this case the act of voting on the budget (specifically for the jail) was no legislative act because it was not an act of general application.  This concept was the district court's premise as well.  We cannot agree.

Voting is not automatically a legislative act.  See Crymes, 923 F.2d at 1485 (act of voting alone does not make act legislative if the vote simply enforces existing policy instead of creating policy); see also Smith v. Lomax, 45 F.3d 402, 405 (11th Cir. 1995).  But, in this case, the voting that was needed to pass the county budget was legislative.

The statute under which the commissioners were given the authority to pass this budget requires an annual budget for all county expenses.[5]  Thus, a decision to provide more funds for the jail necessarily results in fewer funds for other public

---

[5]The budgeting process in Marshall County includes (specifically as to the jail) a proposed budget by the sheriff, which budget is then reviewed by the chairman of the commission, who provides his recommendation to the whole commission, which then debates the funding of each county agency (including the jail).  By the way, the amounts appropriated for the Marshall County Jail never departed significantly from the requested appropriations provided by the sheriff: 1991-92 – requested $458, 955.80, appropriated $392, 564; 1992-93 – requested $476,186, appropriated $404,625; 1993-94 – requested $474,637, appropriated $455,177. Alabama law prohibited budget deficits on the part of the county: the county commissioners, when funding the county government, are basically limited to the money to be collected in local taxes each year.

projects:  the budget creates policy by allocating limited resources.  See Rateree v. Rockett, 852 F.2d 946, 950-51 (7th Cir. 1988) ("Budgetmaking is a quintessential legislative function reflecting the legislators' ordering of policy priorities in the face of limited financial resources.") (citation omitted). Because the budget sets spending priorities, the passing of the budget is both policymaking and of general application, affecting all county residents.

Although we have not specifically ruled on the applicability of legislative immunity to local budgetary decisions, other circuits have addressed this issue and have held that absolute immunity applies to budgetary decisions.  See, e.g., Alexander v. Holden, 66 F.3d 62, 65 (4th Cir. 1995) (budget decisions generally made in a legislative capacity); Rateree, 852 F.2d at 950 (The budgetary process is a "uniquely legislative function.").  Cf. Carlos v. Santos, 123 F.3d 61, 65 (2d Cir. 1997) (local legislators "absolutely immune from personal liability under 42 U.S.C. § 1983 for making legislative decisions of the

11

sort present here, including budgetary allocations"). We agree with those decisions. The budgetary decisions made by defendants for funding the county -- including the jail -- are legislative acts protected by legislative immunity.

Defendant commissioners are entitled to absolute immunity from this suit, and their motion to dismiss (treated as a motion for summary judgment) should have been granted in favor of each commissioner sued for money damages in his individual capacity.

**REVERSED and REMANDED.**