[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2012
JOHN LEY
CLERK

No. 11-12018
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00424-RWS

STEPHEN COX,

Plaintiff-Appellant,

versus

HON. FRANK MILLS, III,
HON. ELLEN MCELYEA,
HON. N. JACKSON HARRIS,
ALISON DANACEAU,
M. DEREK HARRIS, et al.,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 2, 2012)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Stephen Cox, proceeding pro se, appeals the district court's dismissal of his civil rights complaint and its denial of his motion to amend his complaint. On appeal, Cox argues that: (1) the district court erred in dismissing his claims against state court judges; (2) the district court erred in dismissing his claims against Carlton Fields, a private law firm; (3) the district court abused its discretion in dismissing without prejudice his claims against his former counsel Firester; and (4) the district court abused its discretion in denying his motion to amend his complaint. After thorough review, we affirm.

We review de novo a district court's dismissal of a complaint based on absolute immunity. Woods v. Gamel, 132 F.3d 1417, 1419 (11th Cir. 1998) (discussing a denial of absolute legislative immunity). We also review de novo a dismissal for failure to state a claim. Cunningham v. Dist. Attorney's Office for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010). We review for abuse of discretion a sua sponte dismissal for failure to timely serve a summons and complaint under Federal Rule of Civil Procedure 4(m). Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).

We also review a district court's denial of a motion to amend for abuse of discretion. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

First, we reject Cox's claim that the district court erred in dismissing his claims against state court judges. A judge is entitled to absolute judicial immunity from damages arising from those acts taken in her judicial capacity, unless she acts in the clear absence of all jurisdiction. Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Whether an act is done within a judge's judicial capacity is determined by reference to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his official capacity." Mireles v. Waco, 502 U.S. 9, 12 (1991) (quotation omitted). Further, a judge does not act in the "clear absence of all jurisdiction" when she acts erroneously, maliciously, or in excess of her authority, but rather when she acts entirely without subject matter jurisdiction. Dykes v. Hosemann, 776 F.2d 942, 947-48 (11th Cir. 1985) (en banc). Generally, a judge will retain her immunity even if it is alleged that she conspired with other parties to bring about a deprivation of another's rights. Dennis v. Sparks, 449 U.S. 24, 30-31 (1980).

Here, the district court did not err in dismissing Cox's claims for damages against the state judiciary defendants based on absolute judicial immunity. Nothing in the record suggests, and Cox does not now argue, that the state court generally

3

lacked subject matter jurisdiction over Cox's suit against the recreation center. Additionally, the misconduct that Cox alleged below and now argues on appeal -- that the state court judges held hearings, disposed of motions, and made recusal decisions -- are all, by their nature, normal judicial functions.

We are also unpersuaded by Cox's claim that the district court erred in dismissing his claims against Carlton Fields, a private law firm. In reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), we view the complaint in the light most favorable to the plaintiff and accept the well-pleaded facts presented therein as true. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007). Although the complaint need not set forth detailed factual allegations, the plaintiff must allege sufficient facts to render the claim "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Under 42 U.S.C. § 1983, a plaintiff must sufficiently allege (1) that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) that the act or omission was committed by a person acting under color of state law. 42 U.S.C. § 1983; Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995).

An otherwise private person acts under color of state law when he is "a willful participant in joint action" with a state actor. Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992) (quotation omitted). In this respect, the plaintiff must "plead in detail, through reference to material facts, the relationship or nature of the conspiracy" between the private person and the state actor. Id. It is insufficient to "merely string together" discrete events, without showing support for a reasoned inference that the private and state actors agreed to violate the plaintiff's rights. Id.

Section 1985 does not itself create any substantive rights, but instead serves only as a vehicle for vindicating specific federal rights and privileges which have been defined elsewhere. Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979). Under Section 1985(2), a plaintiff must allege that two or more people conspired to impede, hinder, obstruct, or defeat the "due course of justice," with the intent to deny the plaintiff the equal protection of the laws. 42 U.S.C. § 1985(2). Under Section 1985(3), a plaintiff must allege that two or more people conspired to deprive any person or class of persons of the equal protection of the laws. 42 U.S.C. § 1985(3). A claim under Section 1985(3) also requires an allegation of invidious discriminatory intent. Trawainski v. United Tech., 313 F.3d 1295, 1299 (11th Cir. 2002). Finally, as long as an attorney's conduct falls within the

scope of the representation of his client, his conduct is immune from an allegation of a Section 1985 conspiracy. Farese v. Scherer, 342 F.3d 1223, 1232 (11th Cir. 2003).

Relatedly, under Section 1986, the plaintiff must allege that a person had knowledge of a conspiracy in violation of Section 1985 and, despite having the power to prevent or aid in preventing the violation, neglected or refused to do so. 42 U.S.C. § 1986; Park v.City of Atlanta, 120 F.3d 1157, 1159 (11th Cir. 1997). Therefore, where there is no underlying conspiracy to support a Section 1985 claim, the derivative Section 1986 claim must also fail. Farese, 342 F.3d at 1232 n.12; Park, 120 F.3d at 1159-60.

In this case, the district court did not err in dismissing Cox's claims against Carlton Fields for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Cox's complaint did not contain a sufficient factual basis for the court to proceed toward a finding that Carlton Fields, a private law firm, and the state court judges agreed to violate Cox's civil rights. Instead, Cox merely pointed to instances where he believed that the judges favorably disposed of Carlton Fields's allegedly improper pleadings, particularly its motion for a rule nisi hearing.

This failure to sufficiently allege a conspiracy is fatal to each of Cox's claims, as Carlton Fields thus neither qualified as a state actor under Section 1983 nor

engaged in a conspiracy in violation of Section 1985 and, derivately, Section 1986. Further, with respect to Cox's claims under Sections 1985 and 1986, Carlton Fields's allegedly improper conduct, including improperly serving a defective and untimely motion for a rule nisi hearing, was fully within the scope of its representation of the recreation center.

Nor do we find merit to Cox's argument that the district court abused its discretion in dismissing without prejudice his claims against his former counsel Firester. In federal court, an individual defendant may be served: (1) in accordance with Georgia law, (2) by personal service, (3) by leaving a copy of the complaint at the defendant's dwelling with a resident of suitable age, or (4) by serving the defendant's agent to receive service of process, whether authorized by appointment or by law. Fed.R.Civ.P. 4(e). Similarly, under Georgia law, if service is not waived by the defendant, it must be made "to the defendant personally, or by leaving copies thereof at the defendant's dwelling house . . . or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." Ga. Code Ann. § 9-11-4(e)(7). The plaintiff must effect such service within 120 days after filing his complaint, or, absent a showing of good cause, the court must dismiss the action without prejudice against the defendant or order service to be made within a specified time period. Fed.R.Civ.P. 4(m).

7

In this case, the district court did not abuse its discretion in dismissing without prejudice Cox's claims against Firester for failure to serve under Rule 4(m). The record indicates that, after two failed attempts to serve Firester at a U.P.S. P.O. Box, Cox instead delivered the complaint and summons to the Attorney General and to an unnamed U.P.S employee. Even assuming that Fireseter had a contract with U.P.S. to maintain a P.O. Box, nothing in the record indicates that Firester authorized any U.P.S. employee to act as his agent to receive service of process, and Georgia law does not create such an agency. Moreover, nothing in the record indicates that service on Firester was otherwise accomplished in any permissible manner.

Finally, we do not agree with Cox's claim that the district court abused its discretion in denying his motion to amend his complaint. Under Federal Rule of Civil Procedure 15(a)(2), the district court should freely grant the plaintiff leave to amend his complaint where justice so requires. Fed.R.Civ.P. 15(a)(2); Bryant, 252 F.3d at 1163. However, the court need not grant leave where the amendment would be futile. Bryant, 252 F.3d at 1163. An amendment is futile where the complaint as amended would still be subject to dismissal. Hall v. United Ins. Co. of. Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004).

Here, the district court did not abuse its discretion in denying Cox's motion to amend his complaint because the complaint, as amended, would still be subject to

8

dismissal. The district court found, after reviewing the merits of the proposed amendment, that Cox again failed to state a claim for relief. Specifically, Cox's amended complaint, substantively similar to his original complaint, failed to overcome absolute judicial immunity, to sufficiently allege a conspiracy between Carlton Fields and the state court judges, or to remedy the fact that Firester was not timely served with the original complaint. Accordingly, we affirm.

**AFFIRMED.**