Marna NOVAK and William Novak, Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF ILLINOIS, Defendant.

Case No. 6:15–cv–215–Orl–41DAB.

United States District Court, M.D. Florida, Orlando Division.

Signed March 30, 2015.

Karen M. Montas, Rockledge, FL, Stephen A. Marino, Jr., Diana Widjaya, Michal Meiler, Ver Ploeg & Lumpkin, PA, Miami, FL, for Plaintiffs.

Maddge Bergiste Penton, Law Office of J. Christopher Norris, Orlando, FL, David B. Krouk, Matthew J. Lavisky, Butler Pappas Weihmuller Katz Craig LLP, Tampa, FL, for Defendant.

## ORDER

CARLOS E. MENDOZA, District Judge.

THIS CAUSE is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion to Amend") (Doc. 16). For the reasons set forth herein, Plaintiffs' Motion to Amend will be granted in part.

### I. BACKGROUND

Plaintiffs filed this case in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. (Compl., Doc. 1–1, at 2). Thereafter, Plaintiffs filed an Amended Complaint asserting four counts for damages arising out of claims for proceeds under an insurance policy with Defendant. (Am. Compl., Doc. 2, at 3–7). Counts I and II allege common law breach of contract. (*Id.* at 3–5). Counts III and IV seek declaratory judgment in anticipation of a future bad faith action. (*Id.* at 5–7). Defendant removed the case to this court on February 11, 2015, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal, Doc. 1, at 1).

On March 3, 2015, Plaintiffs filed their Motion to Amend seeking to remove Counts III and IV for declaratory relief and all references to section 627.428 of the Florida Statutes. (Mot. Amend at 2–3). The proposed Second Amended Complaint also adds a claim for bad faith pursuant to section 624.155 of the Florida Statutes.

(Second Am. Compl., Doc. 16–1, at 5–7). Defendant opposes Plaintiffs' proposed Second Amended Complaint insofar as it purports to assert a claim for bad faith. (Def.'s Opp'n, Doc. 20).

### II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), a motion to amend made more than twenty-one days after service of a responsive pleading or motion to dismiss requires either the opposing party's written consent or leave of the court. "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "However, the court need not grant leave where the amendment would be futile." *Cox v. Mills,* 465 Fed.Appx. 885, 889 (11th Cir.2012). "An amendment is futile where the complaint as amended would still be subject to dismissal." *Id.*

In determining whether to dismiss for failure to state a claim, a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1269 (11th Cir.2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reason-

able inference that the defendant is liable for the misconduct alleged." *Id.*

### III. ANALYSIS

■ Defendant argues that Plaintiffs' Motion to Amend should be denied because Plaintiffs' bad faith claim would be subject to dismissal. As set forth by this Court in *Alilin v. State Farm Mutual Automobile Insurance Co.,* No. 6:14–cv–1183–Orl–41DAB, 2014 WL 7734262, at *5 (M.D.Fla. Jan. 30, 2014), "[f]ederal courts are courts of limited jurisdiction, so when a case is brought in diversity the plaintiff bears the burden of establishing the Article III prerequisites to jurisdiction." Ripeness is one such prerequisite to federal jurisdiction. *Serpentfoot v. Rome City Comm'n,* 322 Fed.Appx. 801, 805 (11th Cir. 2009) ("If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice.").

■ "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 580–81, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)). As Plaintiffs themselves admit, their proposed bad faith claim "will ripen" only if it is determined that Plaintiff Mrs. Novak "has suffered damages in excess of the underinsured motorist benefits available under the Policy." (Second Am. Compl. ¶ 21). Furthermore, the Florida courts have held that "a cause of action in court for [bad faith] is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract." *Vest v. Travelers Ins. Co.,* 753 So.2d 1270, 1276 (Fla.2000). There has been no determination of liability or the extent of damages on the underlying insurance contract between these parties. Thus, Plaintiffs' bad faith claim would be premature.

The Court need not grant leave to amend to assert a claim that would be subject to dismissal. *Cox,* 465 Fed.Appx. at 889. Plaintiffs' bad faith claim is not yet ripe and the Court would be required to dismiss the claim without prejudice for want of subject-matter jurisdiction. *See Alilin,* 2014 WL 7734262, at *6. Accordingly, Plaintiffs' Motion to Amend will be denied insofar as Plaintiffs seek to add a count for bad faith. However, Defendant does not challenge the remaining changes in the proposed Second Amended Complaint. Therefore, the Motion to Amend will be granted insofar as Plaintiffs do not attempt to allege bad faith.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' Motion to Amend (Doc. 16) is **GRANTED in part.** Plaintiff may file the Second Amended Complaint, as set forth in this Order, on or before **Tuesday, April 14, 2015.**